## PAUL & al. vs. MOODY.

Where a deed, though containing the name of the person who paid the consideration-money, and with whom the covenants were made, did not express the name of any grantee; and the *habendum* was to the grantor and his heirs and assigns forever; and the covenantee had entered and held possession several years, and afterwards conveyed the land in fee; it was held, in a writ of right against his grantee, brought by the heirs of the original grantor, that as nothing seemed to have passed by the deed, it could not operate to qualify the possession of the covenantee; the character of which was therefore purely a question for the jury.

THIS was a writ of right, brought by the children and heirs at law of *Matthew Paul.* The tenant claimed title under one *William Bearce,* who entered into the premises under a deed from the ancestors of the demandants, dated *April* 13, 1793; of the following tenor:—"Know all men by these presents, that I *Matthew Paul* and my wife *Anne* of *Bristol,* in the county of *Lincoln,* and Commonwealth of Massachusetts, yeoman, for and in consideration of eighty pounds, lawful money, to me in hand, before the ensealing and delivery hereof, well and truly paid by *William Bearce,* of the town" &c. " do freely quit all our rights, title, interest, property, claim or demand, which we have or by any way or means ought to have, in of or unto a certain tract of land situated" &c. "To have and to hold the said granted and bargained premises, with all other appurtenances and privileges to them belonging or any ways appertaining unto us the said *Matthew Paul* and my wife *Anne,* our heirs and assigns forever. And I the said *Matthew Paul,* for myself, my heirs, executors, administrators, or assigns, to covenant and grant unto and with the said *William Bearce,* his heirs or assigns, that I am lawfully seised in fee of the premises, and have good right, full power, and lawful authority to dispose of the same in manner aforesaid; and will warrant and defend the same against the lawful right or claims of any person or persons claiming their rights from, by, or under me, or my procurement." *Bearce* occupied the land till the year 1826.

The demandants contended, and requested the Chief Justice, before whom the cause was tried, to instruct the jury, that this deed conveyed nothing to *William Bearce* ; and that for this reason, and also by the terms of the deed, *Bearce's* entry and possession were for the benefit of *Matthew Paul*, and a continuance of his seisin. But the Chief Justice declined so to instruct them ; leaving the question of intention to the jury, and directing them to settle the nature and character of the possession, whether adverse to *Paul* or not, from the other evidence in the cause ; much of which was adduced on either side. And a verdict having been found for the tenant, the question was whether the jury ought so to have been instructed.

*Mitchell* and *Hazeltine*, for the demandants, maintained the affirmative, and cited *Wiswall v. Bard*, 4 *Johns*. 230.

*Allen*, for the tenant, cited 9 *Cowen*, 556 ; *Ricard v. Williams*, 7 *Wheat*. 59.

MELLEN C. J. delivered the opinion of the Court.

This is a writ of right in which the demandants declare on the seisin of *Matthew Paul* their late father, who died in 1814. The writ bears date *August* 28, 1829. In the defence, a deed was offered signed by *Matthew Paul* dated *April* 13, 1793, by which it is contended that the demanded premises were conveyed to *William Bearce*, under whom the tenant claims title to one moiety thereof. In this deed the name of *Bearce* is twice mentioned : once, as the person of whom the consideration was received ; and once, as the person with whom the covenants were made ; but neither he nor any other person is named as grantee ; and beyond all this, the *habendum* is to said *Matthew Paul* and *Anne* his wife, their heirs and assigns forever : so that nothing seems to have passed to *Bearce* by the deed. But it appears that he entered into possession in 1793, and continued to occupy and improve the land till the year 1826 ; and the question before the jury was whether such long continued possession was in submission to the title of

said *Matthew Paul* and a continuance of his seisin and for his bene-
fit ; or whether *Bearce* claimed to hold the property as his own,
and adversely to *Matthew Paul*, and all others. This was certainly
a question of fact, and properly submitted to the jury for their deter-
mination ; and for that reason the requested instruction would have
been improper, respecting the character of *Bearce's* possession.
The jury have decided that this possession was in his own right, and
of course adverse to the claims of all others. Such being the facts
established by the finding of the jury, there is no proof of the sei-
sin on which the demandants have declared. There must be

*Judgment on the verdict.*